# In the United States District Court
# for the
# Western District of Texas

| | |
|---|---|
| IRIS PEREZ | § |
| | § |
| v. | § |
| | §    SA-13-CV-429-XR |
| MONICA TEDFORD, ET AL. | § |

**ORDER**

On this day came on to be considered the San Antonio Police Department's (SAPD) motion to dismiss (docket no. 5) and a motion to dismiss filed by three individual defendants (docket no. 8).

## I.   Background

Plaintiff's First Amended Complaint (docket no. 20) is the live pleading. In that amended complaint, Plaintiff alleges that she was employed by Communities in Schools of San Antonio (CIS) as a case manager.[1] Plaintiff alleges that she was aware that Anthony Rios was subject to a restraining order that prohibited him from certain contact with one of the McCollum students. She alleges that on February 10, 2012, after she became aware that Mr. Rios allegedly left a threatening voice mail message with the student, she called SAPD and requested that they investigate the possible violation of the protective order.

Plaintiff alleges that she was told by two unidentified police officers that they went to the student's residence, Rios allegedly admitted to making a threatening phone call, but no action was taken because there was no protective order in place.

---

[1] Plaintiff also alleges that she was employed at McCollum High School. McCollum High School is a public school located in the Harlandale Independent School District. Plaintiff does not allege that she was employed by the Harlandale I.S.D. Accordingly, the Court construes this allegation to mean that Plaintiff was employed by CIS and was assigned to work at McCollum High School.

Believing there was a valid protective order and that the police officers "did not want to do their job to protect her student," Plaintiff later that day, and from her residence, posted the following message on her Facebook account:

> I Love and Respect the fact that my husband is a fine San Antonio Police Officer, and I respect, and am Grateful for, every HARD working S. A. Police Officer....but lazy ass, mother-effers on B-shift who don't care to do their jobs the way they're supposed to....even when being half assed about things means putting/leaving a child in danger...need to get the F--- [expletive deleted by Court] off the force! Yeah, I said it!

Plaintiff further alleges that on or about February 19, 2012, unidentified SAPD officers made unspecified "threats" to her and her husband. Plaintiff alleges that her husband is a SAPD officer assigned to the South Patrol station and that a copy of her Facebook posting was displayed at the station.

On February 28, 2012, Plaintiff alleges that Monica Tedford and Steven Trujillo went to McCollum High School and informed the school principal that they needed to speak with Plaintiff about a complaint.[2] When Plaintiff arrived at the Principal's office, Plaintiff complains that given their demeanor she did not feel free to leave the office. She alleges that Sgt. Tedford told the Principal that Plaintiff should be disciplined for posting the Facebook message and that failure to do so would "endanger relations" between SAPD and McCollum High School. Plaintiff also alleges that Sgt. Tedford demanded that Plaintiff apologize for posting her Facebook message and that she refused to do so, citing her right to free speech.

Plaintiff alleges that on February 29 her employment was terminated.

She further alleges that in March 2012, she filed a complaint with the Internal Affairs Unit. She alleges that William McManus, SAPD Chief of Police, is informed of Internal Affairs

---

[2] Plaintiff alleges that SAPD Sgts. Tedford and Trujillo falsely represented to the Principal that a complaint had been made, because no formal complaint had been filed. Plaintiff complains that these two officers violated SAPD rules concerning truthfulness. Plaintiff also complains that since Tedford and Trujillo were not assigned to the Internal Affairs Unit they had no reason to conduct any investigation.

complaints and that he was aware, or should have been aware of Tedford and Trujillo's February 28 visit to McCollum High School, and that despite this alleged knowledge he took no disciplinary action against Tedford or Trujillo. Plaintiff argues that Chief McManus ratified the actions of Tedford and Trujillo and has failed to implement any policies that would prevent the reoccurrence of any such act.

Plaintiff alleges that all Defendants violated her rights to freedom of assembly, free speech, the right to "redress grievances against the government," and her right to be free of unreasonable seizures and right to due process.

In her second count, Plaintiff alleges the City of San Antonio failed to properly train Trujillo and Tedford, and that such failure to train constituted deliberate indifference to her constitutional rights.

In her third count, Plaintiff alleges the City of San Antonio failed to properly supervise Trujillo and Tedford, and that such failure to supervise constituted deliberate indifference to her constitutional rights.

In her fourth count, Plaintiff alleges that Trujillo failed to prevent Tedford from violating her rights and that such failure to act constituted deliberate indifference to her constitutional rights.

In her fifth count, Plaintiff alleges Tedford and Trujillo deprived her of her property interest (employment) without due process of law.

## II.     SAPD's motion to dismiss (docket no. 5)

SAPD argues that it is not granted jural authority. Plaintiff never filed a response to this motion. She continues to name SAPD as a defendant in her amended complaint.

When suit is brought against a city department that is not granted jural authority, courts may construe the claim to be brought against the city, but not when the city is also sued or individual city agents are sued in their official capacities. *See, e.g., Washington v. Austin Police Dep't*, No. A–06–CA–041–SS, 2006 WL 2052963 (W.D. Tex. July 21, 2006) (recommendation to dismiss the claim against the police department because the questions raised by suits against department agents in their official capacities are identical to those raised by suits against the city) (recommendation adopted). Further, courts routinely dismiss claims against government departments and agencies that lack independent jural status, even when they are sued in concert with the government entity. See *Hughes v. City of Schertz*, No. SA–07–CV–0054–RF, 2007 WL 3128511, at *1–2 (W.D. Tex. Sept. 28, 2007) (dismissing a city's fire department that was sued together with the city, which had reserved in its charter all powers and had not explicitly granted jural authority); *Wakat v. Montgomery County*, 471 F. Supp. 2d 759, 768 ("The plaintiffs have not demonstrated that the [Sherriff's department] has been granted such authority by Montgomery County. Accordingly, the [department] is not a proper defendant."); *Wiginton v. Dallas County*, No. 3:06–CV–0991–B, 2006 WL 2405054, at *2 (N.D. Tex. Aug.18, 2006).

SAPD is dismissed as a defendant in this case.

### III.   Motion to Dismiss – Legal Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. While detailed factual allegations are not

necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. However, a complaint can survive a motion to dismiss even if actual proof of the facts alleged is "improbable." *Id*. at 556. Although the court must take all of the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id*. (internal quotation marks omitted).

### IV.     Individual Defendants' motion to dismiss (docket no. 8)

The three individual defendants (McManus, Tedford and Trujillo) argue that Plaintiff fails to state a claim under the Fourth Amendment inasmuch as she does not allege that she was wrongfully arrested, detained, or subject to any search. Although given an opportunity to amend her complaint, Plaintiff only alleges that given the officers' demeanor she did not "feel" free to leave the Principal's office. Plaintiff fails to meet her burden under *Twombly/Iqbal* and fails to state a cause of action under the Fourth Amendment.[3]

Defendants argue that Plaintiff's complaint fails to state a claim under the Fourteenth Amendment. In her amended complaint, Plaintiff's only reference to the Fourteenth Amendment is in paragraphs 87, 100 and 101, wherein she states in a conclusory fashion that she was denied a right to due process. Again, Plaintiff fails to meet her burden under *Twombly/Iqbal* and fails to

---

[3] "A Fourth Amendment seizure occurs 'only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.' The reasonable person standard is objective. It does not concern itself with the citizen's subjective perception of the officer's subjective intent, but only with what the officer's words and conduct would have conveyed to a reasonable and innocent person. We have observed that '[t]he officers' objective conduct, not their subjective intentions or private conversations, is relevant to the seizure determination.'" *U.S. v. Mendieta-Garza*, 254 Fed. App'x. 307 at *3 (5th Cir. 2007) (internal citations omitted).

state a cause of action under the Fourteenth Amendment.  Plaintiff fails to clearly state who her employer was and fails to allege how the Defendants caused the employer to allegedly terminate the employment relationship.  Indeed, it is unclear whether the employment relationship between Plaintiff and CIS was terminated, or whether CIS merely assigned Plaintiff to a different school.  Further, Plaintiff fails to allege what, if any, protected property interest she had in her employment relationship.[4]

Defendants McManus and Trujillo seek dismissal of the claims asserted against them arguing that Plaintiff fails to state that they were personally involved in any of the allegedly unlawful conduct.

As stated above, with regard to Chief McManus, Plaintiff states in a conclusory fashion that after she filed a complaint with the Internal Affairs Unit, McManus was informed of the complaint.  Alternatively, she states that he was aware, or should have been aware of Tedford and Trujillo's February 28 visit to McCollum High School, and that despite this alleged knowledge he took no disciplinary action against Tedford or Trujillo.  She then summarily states that McManus ratified the actions of Tedford and Trujillo.

Supervisory officials may not be held liable under 42 U.S.C. § 1983 for the actions of their subordinates under any theory of vicarious liability. However, a supervisor may be held liable if there exists either (1) his personal involvement in the constitutional deprivation; or (2) he implements a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation. *Cozzo v. Tangipahoa Parish Council*, 279 F.3d 273, 289 (5th Cir. 2002).  Plaintiff fails to plead factual allegations to meet her burden under *Twombly/Iqbal* and fails to state a cause of action against Chief McManus.  All claims against Chief McManus are dismissed.

---

[4] *See e.g., Grey v. Dallas Independent School Dist.*, 265 Fed. App'x. 342 (5th Cir. 2008).

With regard to Trujillo, the only allegation Plaintiff asserts is that Trujillo failed to stop Tedford when she allegedly violated her constitutional rights. Plaintiff does not assert that Trujillo was Tedford's supervisor. Generally, "an officer who is present at the scene and does not take reasonable measures to protect a suspect from another officer's use of excessive force may be liable under section 1983." *Hale v. Townley*, 45 F.3d 914, 919 (5th Cir. 1995). The Court, however, is not aware of a failure to intervene claim being recognized in other contexts. Assuming that bystander liability or some duty to protect theory applies, Plaintiff must establish that the officer "(1) knows that a fellow officer is violating an individual's constitutional rights, (2) has a reasonable opportunity to prevent harm, and (3) chooses not to act." *Nazerzadeh v. Harris Cnty.*, 2010 WL 3817149, at *33 (S.D. Tex. Sept. 27, 2010). Inasmuch as this issue has not been fully briefed by all parties, the Court at this time will deny the motion to dismiss without prejudice to refilling or the filing of a motion for summary judgment on this issue.

## V.     First Amendment Claim

Plaintiff alleges that Defendants violated her rights to freedom of assembly, free speech, and the right to "redress grievances against the government." To state a First Amendment retaliation claim, a plaintiff must establish three elements: (1) the plaintiff was engaged in constitutionally protected activity; (2) the defendants' actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) the defendants' adverse actions were substantially motivated against the plaintiff's exercise of constitutionally protected conduct. *Izen v. Catalina*, 398 F.3d 363, 367 (5th Cir. 2005).

Tedford argues that Plaintiff fails to allege that she was terminated from her employment because of Defendant's actions inasmuch as she did not request that Plaintiff's employer (CIS) terminate Plaintiff's employment.

In her amended complaint, Plaintiff alleges that on February 28, 2012, Sgt. Tedford told the Principal that Plaintiff should be disciplined for posting the Facebook message and that failure to do so would "endanger relations" between SAPD and McCollum High School.  Plaintiff also alleges that Sgt. Tedford demanded that Plaintiff apologize for posting her Facebook message and that she refused to do so citing her right to free speech.  Plaintiff alleges that on February 29 her employment was terminated.  Plaintiff has sufficiently pled facts to proceed with her First Amendment retaliation claim against Tedford.

Alternatively, relying upon *Suarez Corp. Industries v. McGraw*, 202 F.3d 676 (4th Cir. 2000), Tedford argues that Plaintiff's claim should be dismissed because he also possess a First Amendment right to respond to the criticism Plaintiff expressed in her Facebook message.  In *McGraw*, the Fourth Circuit stated that "where a public official's alleged retaliation is in the nature of speech, in the absence of a threat, coercion, or intimidation intimating that punishment, sanction, or adverse regulatory action will imminently follow, such speech does not adversely affect a citizen's First Amendment rights, even if defamatory." *Id*. at 687.  Because in that case the statements by the public officials did not involve direct or implied threats or coercive language, the plaintiff failed to establish a First Amendment retaliation claim.  In this case, Plaintiff has sufficiently alleged that Tedford explicitly requested that Plaintiff be disciplined by the Principal and made implied threats that if Plaintiff was not disciplined the failure to do so would "endanger relations" between SAPD and McCollum High School.  Defendant's request to dismiss the First Amendment retaliation claim for failure to state a cause of action is denied.

## VI.     Official Capacity Claims

Plaintiff has alleged her claims against the individual defendants in their individual and official capacities.  The Defendants request dismissal of the official capacity claims inasmuch as

they are redundant. Claims against a city official in his official capacity are treated as claims against the city itself. *Sanders v. English*, 950 F.2d 1152, 1159 n. 13 (5th Cir. 1992). Inasmuch as the City of San Antonio has been named a defendant in this case, the official capacity claims are dismissed as redundant.

## Conclusion

All claims against SAPD are dismissed because it is not a proper defendant. San Antonio Police Department's (SAPD) motion to dismiss (docket no. 5) is GRANTED.

The motion to dismiss filed by three individual defendants (docket no. 8) is GRANTED in part and DENIED in part.

Plaintiff's claim that Defendants violated her Fourth Amendment right to be free from an unreasonably seizure is dismissed.

Plaintiff's claim that Defendants violated her Fourteenth Amendment right to due process is dismissed.

All claims against Chief McManus are dismissed.

All claims against Trujillo, except Plaintiff's failure to prevent harm claim, are dismissed.

Plaintiff's claims that Tedford and the City of San Antonio[5] violated her rights to freedom of assembly, free speech, and the rights to "redress grievances against the government" remain pending.[6]

Plaintiff's claim that the City of San Antonio failed to properly train Trujillo and Tedford, and that such failure to train constituted deliberate indifference to her constitutional rights remains pending.[7]

---

[5] The City did not seek dismissal of this claim in the motion to dismiss.
[6] The City did not seek dismissal of these claims in the motion to dismiss. Further, although not raised by any of the Defendants, the Court questions how the rights to freedom of assembly and petition the government are applicable to this case.

Plaintiff's claim that the City of San Antonio failed to properly supervise Trujillo and Tedford, and that such failure to supervise constituted deliberate indifference to her constitutional rights remains pending.[8]

SIGNED this 22nd day of October, 2013.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE

---

[7] The City did not seek dismissal of this claim in the motion to dismiss.
[8] The City did not seek dismissal of this claim in the motion to dismiss.